# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RAFAEL WATSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:14CV00199 ERW |
| | ) | |
| TOM VILLMER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner=s petition for writ of habeas corpus pursuant to 28 U.S.C. ' 2254. The petition is barred by ' 2254's one-year limitations period, and the Court will dismiss it without further proceedings.

Petitioner pled guilty to two counts of first-degree statutory sodomy, one count of statutory rape, and one count of furnishing pornographic material to a minor. Missouri v. Watson, No. 10SL-CR02453-01 (St. Louis County). On May 17, 2011, the trial court sentenced petitioner to ten years' imprisonment. Petitioner did not file a direct appeal.

Petitioner filed a Rule 24.035 motion for postconviction relief on August 3, 2011. Watson v. Missouri, No. 11SL-CC03235 (St. Louis County). He voluntarily dismissed the motion with prejudice on June 8, 2012. Id. Petitioner filed the instant petition on January 24, 2014, which is the date on which he placed it in the institutional mail system.

Under 28 U.S.C. ' 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The limitations began running when the conviction became final on May 27, 2011, ten days after the trial court entered its judgment. See Mo. Ct. R. 30.01(a); Mo. Ct. R. 81.04(a). The limitations period ran for 68 days until it was tolled on August 3, 2011, the day petitioner filed his Rule 24.035 motion. The limitations period began running again on June 8, 2012, when petitioner dismissed the motion. The limitations period then ran for another 297 days until April 1, 2013, when it expired. Because petitioner did not file the instant petition until January 2014, it is barred by the limitations period.

Petitioner argues that he should be entitled to equitable tolling because, as an inmate at Farmington Correctional Center, he is subject to control movement and has

access to the law library only twice per week. Plaintiff also says that he does not have many resources when it comes to legal work.

Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). "Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Id. at 2563.

Petitioner has not shown that he diligently pursued his rights or that extraordinary circumstances stood in his way. All prisoners face the same difficulties as plaintiff. E.g., Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) ("Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling."). As a result, petitioner is not entitled to equitable tolling.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. ' 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal will be filed with this Memorandum and Order.

So Ordered this 24th day of February, 2014.

*E. Richard Webber* (signature)

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE